## Warshaw v. Aramingo Realty Corp.

*Erwin L. Pincus*, for plaintiff.

*Arlin M. Adams*, for defendant.

BOK, P. J., April 10, 1958.—This case is before me on preliminary objections to plaintiff's complaint in assumpsit. The dispute arose out of a contract under which plaintiff was to do certain electrical work for defendant for which he was to receive the sum of $43,000. The complaint sets forth the performance of certain "extras", which, it is alleged, were orally authorized by an agent of defendant corporation. It is further alleged that the value of these "extras", as computed by a formula set forth in the contract, was $64,838.21, that performance of these "extras" brought the amount due plaintiff to $107,838.21, and that defendant has paid plaintiff only the sum of $75,283.81, leaving a balance due of $32,554.40 for which plaintiff seeks judgment.

Defendant has demurred to the complaint on two grounds. First, he contends that the complaint reveals that the "extras" were not authorized by the architect and that the alleged authorization was not written as required by the contract. Article 2 of the contract provides:

"The OWNER, through the Architect, may from time to time, by written instructions or drawings issued to the CONTRACTOR, make changes in the above-named drawings and specifications, issue additional instructions, require additional work or direct the omission of work previously ordered, and the pro-

visions of this contract shall apply to all such changes, modifications and additions with the same effect as if they were embodied in the original drawings and specifications."

A careful reading of this clause convinces me that it does not preclude the parties from orally *agreeing* to changes in the specifications. The clause gives the owner the right to *require* compliance with requests for changes or alterations when the prescribed procedure is followed. It does not provide that changes may be made only in that manner. Moreover, such an agreement would hardly be meaningful for the parties could always agree to revoke it: Brandolini v. Grand Lodge of Pennsylvania, 358 Pa. 303 (1948), cited by defendant, says nothing to the contrary. The holding in that case was that the individual who authorized the changes did not have authority to do so. Moreover, that case was decided on defendant's motion for judgment n. o. v., not on preliminary objection, and plaintiff was permitted to at least offer evidence on the issue of agency.

The second basis for the demurrer is more substantial. The contract requires presentation of a certificate issued by the architect before the contractor is entitled to payment. There is no allegation that such certificates were presented, nor is there a general allegation of performance of conditions precedent. See Pa. R. C. P. 1019 (c). Without such an allegation the complaint is insufficient. See White v. Seaboard Mutual Casualty Company, 73 D. & C. 15 (1949). If the oral agreement dispensed with the requirement of presentation of the architect's certificate, or if presentation was otherwise waived, plaintiff should so state. See Vacca v. Genel, 42 Del. Co. 292 (1955).

Defendant has also moved for a more specific pleading on two grounds. First, it is contended that the complaint lacks specificity in that it fails to set forth

the particular materials which plaintiff claims to have supplied. Attached to the complaint is a schedule of the work done on "extras", which lists 63 separate projects. For each project there is listed a lump sum charge for labor and a lump sum charge for the materials used. I think that this identification of the projects provides defendant with sufficient information as to what materials were supplied, at least at this early stage of the proceedings. If defendant desires further information in order to prepare for trial, the discovery procedure is always available.

Defendant also contends that the complaint lacks specificity in that it fails to set forth the dates of the various alleged oral agreements. The complaint merely states that the authorizations were given from "time to time". This is insufficient. While it is not necessary for plaintiff to set forth the exact date of each authorization, a better approximation than "from time to time" is required.

Defendant's preliminary objections are sustained. Plaintiff may file an amended complaint within 20 days.